IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBORAH MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 21-644-GBW |
| | ) | |
| CADIA HEALTHCARE BROADMEADOW, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Deborah Morris, Dundalk, Maryland – *Pro Se* Plaintiff

February 25, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

On April 26, 2021, Plaintiff Deborah Morris, of Dundalk, Maryland, filed this civil action *pro se* in the United States District of Maryland against Defendant Cadia Healthcare Broadmeadow, of Middletown, Delaware. (D.I. 1). The case was subsequently transferred to the District of Delaware and then reassigned to this Court. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The civil cover sheet indicates that this case presents diversity jurisdiction and alleges civil rights claims, arising from Defendant's violations of Plaintiff's right to assemble and Due Process rights, for which Plaintiff seeks $10 million in monetary damages. (D.I. 1-2 at 1.) The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

On April 14, 2021, in Middletown, Delaware, Defendant denied Plaintiff scheduled access to a patient and resident, Walter A. Roye, who is Plaintiff's ex-husband. (D.I. 1 at 6.) Prior to the scheduled visit, Plaintiff confirmed with Frank Reimbold, an administrator for Defendant, that the facility would be fully open for

1

visitation, and Plaintiff relayed the purpose of the visit, as well as who would be in attendance. (*Id.* at 10-11.) Yet upon arrival, Reimbold denied Plaintiff access to both Roye and the interior of the facility. (*Id.* at 11.) Plaintiff believes that this denial of access amounts to a violation of her constitutional rights, specifically, her right of assembly and her Due Process rights. (*Id.* at 12.) Plaintiff remained outside of the building on Defendant's property until that night, when she was charged with criminal trespass and removed. (*Id.* at 13.)

Based on the foregoing, Plaintiff seeks $10 million in money damages and injunctive relief against Defendant in the form of monitoring for no less than one year by the Delaware Long-Term Facility Ombudsman Program. (*Id.* at 15.)

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds

2

*pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the

assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Complaint still fails to state a claim and 28 § 1915(e)(2)(B)(ii) warrants dismissal. To the extent that Plaintiff intends to raise claims under 42 U.S.C. § 1983, the Complaint does not identify a viable defendant. When bringing a § 1983 claim, Plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49. The Complaint names a private nursing home as the sole Defendant in this case.[1] As

---

[1] The Court notes that Cadia Healthcare Broadmeadow is a nursing home belonging to a private, for-profit corporation. *See Cadia Rehabilitation Broadmeadow*,

4

such, the Court does not conclude that Defendant was "clothed with the authority of state law." *See, e.g., Henry v. Balas*, No. 03-771-GMS, 2004 WL 2211956, at *2 (D. Del. Sept. 23, 2004) (finding that a private health services corporation and private physicians named as defendants were not "in any way clothed with the authority of state law") (internal quotation marks omitted).

Likewise, Plaintiff cannot assert a Due Process claim against Defendant because Defendant is not a government actor. Subject to limited exception not applicable here, "the principle that private action is immune from the restrictions of the Fourteenth Amendment is well established." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349-50 (1974). "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Id.* at 350. As such, the mere fact that Defendant is subject to "Federal and State laws" does not make Defendant's action here that of the government. (D.I. 1 at 7.) Defendant in this case is immune from the restrictions of the Fourteenth Amendment.

Last, the Court does not discern a plausible basis for First Amendment violations from the facts alleged. Plaintiff's allegations do not suggest a violation

---

https://www.medicare.gov/care-compare/details/nursing-home/085050/view-all?state=DE (last visited Feb. 24, 2025).

of her right to assemble or associate. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-20 (1984) (recognizing First Amendment freedom of association in two senses—protecting intimate human relationships and protecting association for purposes of engaging in speech, assembly, petition for redress of grievances, and exercise of religion). First Amendment protections are limited to certain types of relationships and conduct, and these protections do not extend so far as to render the denial of Plaintiff's access to a private nursing home facility to meet with her ex-husband a violation of her constitutional rights. *See id.*; *see also Radich v. Goode*, 886 F.2d 1391, 1398 (3d Cir. 1989) ("Police action to protect private property rights does not thereby subject that private property to first amendment constraints."); *Cape Cod Nursing Home Council v. Rambling Rose Rest Home*, 667 F.2d 238, 242 (1st Cir. 1981) ("To recognize in outsiders such as plaintiffs a constitutionally guaranteed right of access to a health care facility could threaten patient care and pose significant risks to the elderly residents.").

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (D.I. 1.) Amendment is futile.

An appropriate Order will be entered.